# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARMALOOP, INC., <br><br> Plaintiff, <br><br> v. <br><br> YVONNE NICOLETTI <br> (a.k.a. LEXA VONN) and <br><br> Defendants. | CIVIL ACTION NO.: <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

1.  Plaintiff, Karmaloop, Inc. ("Karmaloop" or "Plaintiff"), by and through its attorneys, brings this action for declaratory judgment and alleges against Defendant, Yvonne Nicoletti ("Nicoletti" or "Defendant"), as follows:

## NATURE OF THE ACTION

2.  This is an action for declaratory judgment that Karmaloop's use, marketing, sale and/or offering for sale of hats through its retail website does not infringe, dilute, or tarnish any trademark rights of Defendant, that Karmaloop does not unfairly compete with Defendant and that Karamaloop does not infringe the copyrights of Defendant or otherwise violate any state law rights of Defendant.

## JURISDICTION

3.  This Court has federal question jurisdiction over the claims in this action, which relate to federal trademark rights pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a).

4.  This Court has subject matter jurisdiction over this Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, as well as under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367 and 15 U.S.C. § 1121.

5.  This Court has personal jurisdiction over the Defendant because, by its actions against Karmaloop in this District, as detailed below, Defendant has expressly aimed its activities at this District, availing itself of this forum.

## VENUE

6.  Venue is proper in this district because a substantial part of the events giving rise to Karmaloop's claims occurred in this judicial district.

## THE PARTIES

7.  Plaintiff Karmaloop, Inc. ("Karmaloop") is a corporation with its principal place of business at 334 Boylston Street, Suite 500, Boston, Massachusetts 02116.

8.  Upon information and belief, Defendant Yvonne Nicoletti, aka Lexa Vonn, is an individual residing at 6255 Beck Avenue #117, North Hollywood, California 91606.

## FACTS

9.  Karmaloop is an online retailer and reseller of over 500 different brands of apparel, streetwear and fashion accessories for the young urban market.

10. Among the products sold by Karmaloop are various hats, sourced through various different suppliers, that play on pop culture references or urban themes. These hats typically include a single word or short saying across the front of the hat, usually in a block font that is set off from the color of the hat. The word or short saying has cultural significance to the young urban market that Karmaloop serves. Examples of these hats include:

- The Steady MOB Trucker Hat and The Head Bitch In Charge Trucker Hat (shown below) by Married to the Mob



- The Beyond Snapback Hat by Civil



- The Lover Floral Snapback by United Couture



11. Among these hats offered for sale on Karmaloop's online retail website, and the product at issue in this dispute, is a hat distributed by Beauty Forever (the "Beauty Forever Hat"). The Beauty Forever Hat (shown below) features the word PLASTICS in pink block letters across the front of the black hat and the saying "She's Fabulous But She's Evil" underneath the brim:

 

12. The term "PLASTICS" is often used in pop culture to reference a group of girls who are perceived to be, among other things, popular, disingenuous and mean. While the term "plastic" has long

been used as an antonym for "genuine," the term rose in popularity after the release of the 2004 film "Mean Girls" which prominently featured the term as the name for a group of characters in the film.[1]

13. Upon information and belief, Defendant is the founder of an organization she calls "The Plastics Professional Groupies." Defendant uses the following stylized logo and variations of the same in connection with her organization and goods, services and merchandise related to the same:



14. Defendant also purports to use the stylized logo below:



15. On April 5, 2013, Defendant sent an email to Karmaloop's Legal Department demanding that Plaintiff "refrain from selling" the Beauty Forever Hat, claiming that the Beauty Forever Hat was "bootlegged merchandise from [Plaintiff's] company, The Plastics."

16. In-house counsel for Karmaloop responded to Defendant's email and requested information pertaining to any proprietary rights of the Defendant and the nature of Defendant's perceived infringement.

17. Defendant responded by citing to a U.S. Copyright Registration, No. VA0001712254 which she purported was a "copyright to The Plastics name."

---

[1] Upon information and belief, and based on Defendant's own statements in correspondence with Karmaloop's legal counsel, Defendant has no association or affiliation with the film Mean Girls

18. In fact, U.S. Copyright Registration No. VA0001712254 is for visual material titled "The Plastics Professional Groupies" published in the Rock City News. The registration includes the limitation that "[t]ext is title; titles not copyrightable."

19. Upon further investigation, Karmaloop determined that, contrary to Defendant's claims that the Beauty Forever Hat was "bootlegged merchandise," Defendant's demands and purported claims were based on the use of the word PLASTICS and the colors black and pink in the Beauty Forever Hat (among other unrelated issues Defendant claims to have with the owner/principal of Beauty Forever).

20. On April 23, 2013, Defendant's counsel sent a letter to Karmaloop. The letter asserted claims of trademark infringement, trademark dilution, trademark tarnishment, unfair competition, and California state law claims based upon Defendant's claim to exclusive rights in the trademark THE PLASTICS (the "Asserted Mark"). The letter included a significant demand for payment that is unwarranted in light of Defendant's baseless and bad faith claims against Karmaloop.

21. In light of the above, a case or controversy exists between Karmaloop and Defendant that is definite and concrete, touching the legal relations having adverse legal interests. The case or controversy between Karmaloop and Defendant is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Defendant's allegations that Karmaloop's conduct constitutes trademark infringement, trademark dilution, trademark tarnishment, and unfair competition have created an actual, substantial and justiciable controversy between Karmaloop and Defendant concerning the right of Karmaloop to continue to market, sell and/or offer for sale the Beauty Forever Hat on its website. Moreover, the Karmaloop has a real and reasonable apprehension of litigation based upon Defendant's statements and conduct. Under all the circumstances, a real and substantial dispute exists between the parties.

## COUNT I
**(Declaratory Judgment of Non-Infringement)**

22. Karmaloop repeats and incorporates by reference all prior allegations as if fully set forth herein.

23. An actual and justiciable controversy has arisen and now exists between Karmaloop and Defendant concerning Defendant's rights in and to the Asserted Mark and Karamloop's alleged infringement of the same based upon the marketing, sale and/or offering for sale of the Beauty Forever Hat.

24. Defendant has not engaged in substantially exclusive use of the Asserted Mark and/or the Asserted Mark is not distinctive.

25. The sale and/or offering or sale of the Beauty Forever Hat by Karmaloop is not likely to cause confusion, to cause mistake, or to deceive the consuming public as to the source of origin, sponsorship and/or affiliation of the Beauty Forever Hat or of the goods and services offered by Karmaloop and Defendant.

26. Plaintiff seeks a declaratory judgment from this Court that Karmaloop's use, marketing, sale, and/or offering for sale of the Beauty Forever Hat has not and does not infringe Defendant's Asserted Mark under state or federal law.

## COUNT II
**(Declaratory Judgment of No Trademark Dilution or Tarnishment)**

27. Karmaloop repeats and incorporates by reference all prior allegations as if fully set forth herein.

28. An actual and justiciable controversy has arisen and now exists between Karmaloop and Defendant concerning Defendant's rights in and to the Asserted Mark and whether Karmaloop's marketing, sale, and/or offering for sale of the Beauty Forever Hat constitutes trademark dilution.

29. Defendant has not engaged in substantially exclusive use of the Asserted Mark and/or the Asserted Mark is not distinctive.

30. The Asserted Mark is not famous.

31. The use, marketing, sale and or offering for sale of the Beauty Forever Hat is not likely to dilute or tarnish the alleged distinctive quality or harm the reputation of Defendant's claimed Asserted Mark.

32. Plaintiff seeks a declaratory judgment from this Court that Karmaloop's use, marketing, sale, and/or offering for sale of the Beauty Forever Hat has not and does not dilute or tarnish Defendant's Asserted Mark.

## COUNT III
**(Declaratory Judgment of No Unfair Competition)**

33. Karmaloop repeats and incorporates by reference all prior allegations as if fully set forth herein.

34. An actual and justiciable controversy has arisen and now exists between Karmaloop and Defendant concerning Defendant's rights in and to the Asserted Mark and whether Karmaloop's marketing, sale, and/or offering for sale of the Beauty Forever Hat constitutes unfair competition.

35. Use of the term PLASTICS on the Beauty Forever Hat is not likely to cause confusion as to the source, affiliation or sponsorship of the Beauty Forever Hat or of the goods and services offered by Karmaloop and Defendant. Therefore, Karmaloop's use, marketing, sale and/or offering for sale of the Beauty Forever Hat does not constitute unfair competition with Defendant.

36. Karmaloop seeks a declaratory judgment from this Court that the use, marketing, sale and/or offering for sale of the Beauty Forever Hat by Karmaloop does not constitute unfair competition.

## COUNT IV
**(Declaratory Judgment of No Copyright Infringement)**

37. Karmaloop repeats and incorporates by reference all prior allegations as if fully set forth herein.

38. An actual and justiciable controversy has arisen and now exists between Karmaloop and Defendant concerning Karamloop's use, distribution, sale, marketing, and/or offering for sale of the Beauty Forever Hat constitutes copyright infringement.

39. Defendant's use of the term "plastics" in connection with her organization and related goods, services or merchandise is not copyrightable content.

40. Karmaloop seeks a declaratory judgment from this Court that Karmaloop's use, distribution, sale, marketing, and/or offering for sale of the Beauty Forever Hat does not constitute copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Karmaloop respectfully prays for the following relief:

A. For a declaratory judgment that:

    a. Karmaloop has not and does not infringe, dilute and/or tarnish any of Defendant's rights in the Asserted Mark or any purported rights of Defendant under state or federal law;

    b. Karmaloop has not and does not unfairly compete with Defendant under state or federal law;

    c. Karmaloop has not and does not infringe any copyrights owned by Defendant.

B. That the Court find this is an exceptional case under 15 U.S.C. § 1117(a) and award Karmaloop its attorneys' fees and costs incurred in this action.

C. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Karmaloop demands a trial by jury as to all issues so triable.

Respectfully submitted,

**KARMALOOP, INC.**

By its attorneys
BURNS & LEVINSON LLP

By: */s/ Merton Thompson*
    Merton Thompson (BBO# 637056)
    BURNS & LEVINSON LLP
    125 Summer Street
    Boston, MA  02110
    Telephone:  (617) 345-3000
    Facsimile:  (617) 345-3299

4827-3266-3315.1